The Chief Justice
delivered the opinion of the court.
This was a scire facias, to revive a decree and have execution thereof, against the defendants, as administrators of Drake, against whom the decree was pronounced.
The scire facias was sued out in the name of Sally Lil-lard, and after the appearance of the defendants, an order was made that ⅛⅛ suit should be prosecuted in the name of James Cloyd, it appearing to the satisfaction of the *202 court, that the plaintiff had. intermarried with him sinee decree. The defendants then filed their plea of nuil tiel record, and the plaintiffs replied that there was such a record. The record then states, that upon hearing the agreement the plea was overruled, and thereupon final judgment was given for the plaintiffs, from which the defendants prosecute this appeal.
Since chan-decree. esThe^ower of enforcing her decraes sci?fa.C¡s the proper mean ef reviving a
Statute of ⅛⅛’ expounded, ’ it only allows a husband to party'*aC\viien the marriage took place pendente lite.
That which should have abatement,11 cannot signed as er-Ior'
The first objection taken by the assignment of error, which we shall notice, is, that a scire facias will not lie in such a case.
This objection, we are of opinion, cannot be sustained. Formerly, when courts of equity could enforce their decrees Only by process peculiar to those courts, a bill of revision was, no doubt, in a case like the present, the proper remedy. But since the statute, authorising executions to issue upon decrees in chancery, in like manner as upon judgments at law, we can see no reason why a scire facias, the object of which is to have execution according to the tenor and effect of the decree, should not lie.
The second objection we shall notice, is taken to the of-^ef making Cloyd a party to the suit. This could, in no case; have been done upon the principles of common law; and the act of assembly, authorising a husband to be made a party to a suit brought in the name of the wife, applies *° those cases where the intermarriage takes place pending the suit: see Session Acts of 1811, page 186. As the order making Cloyd a party, states the intermarriage to jlave {aper! p]ace s'mce the decree, it is left uncertain whether it was before or after the emanation of the scire fa-cias, for in either case it would have taken place since the decree, if it was after the emanation of the scire facias that the intermarriage took place, Cloyd was properly made a party, and the act of assembly would prevent the abatement of the suit; but if the intermarriage took place before the emanation of the scire facias, he could not be made a party, and the defendants might, by plea, have abated the suit. We are, however of opinion, that it is too late now j0 take advantage of it. It is laid down as a general rule, that a man shall never assign that for error which he might pleaded in abatement. Thus it is held, that if a/c-me covert bring an action in her own name by attorney, and the defendant plead in bar of the action, he cannot after-wards assign the coverture for cmt. 2 Saund. 101; (Note 1 Letter q.)
JIaggin for appellant. Pope for appellee.
Judgment ®'Jsed'where ,tdoesnotap-pear that the ls®ue was tr-' e
The third and last objection we shall notice, is taken to the order or judgment overruling the defendant’s plea.
■ This objection, we apprehend, must be sustained. The defendant’s plea was undoubtedly good, and the question involved in the issue taken upon it was, whether there was or was not such a record as the plaintiff alledged in the scire facias. But it is impossible legally or judicially to infer from the manner in which the judgment is entered, that the court has decided this question.
The judgment must therefore be reversed with cost, and the cause remanded, that the circuit court may proceed to decide the issue joined between the parties,